UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 1:06-cr-44-2

v.                                               HON. JANET T. NEFF

BRYCE HENRY SHERWOOD,

       Defendant.
_____/

## **OPINION**

Pending before the Court is the "Government's Notice to Withhold Benefits of Plea Agreement" (Dkt 116) and "Defendant's Combined Motion to Strike Motion to Withhold Benefits of Plea Agreement and Response in Objection with Authorities and Law in Support" (Dkt 137). Also before the Court is the Government's Reply Brief on Notice to Withhold Benefits of Plea Agreement (Dkt 159). For the reasons that follow, the Court finds no breach of the plea agreement on the basis set forth by the Government, i.e., that defendant lied while testifying under oath.

Defendant Bryce Henry Sherwood and codefendants Dennis R. Mickelson and Michael Wayne Heshelman were indicted on charges of conspiracy, wire fraud, and money laundering. Defendant and codefendant Mickelson each entered into a plea agreement; however, codefendant Heshelman proceeded to a jury trial June 2 through June 11, 2009. During trial, defendant testified as a witness for the Government. The Government now seeks to withdraw defendant's plea agreement on the grounds that he lied under oath at the trial.

As a threshold matter, the Court denies defendant's motion to strike the Government's Notice as untimely. Contrary to defendant's argument, the Court concludes that the ten-day time limit imposed for objections to the magistrate judge's Report and Recommendation, 28 U.S.C. § 636[1] and W.D. Mich. LCrR 11.1(d), is inapplicable to the instant Notice of Withdrawal. Local Rule 11.1(d) and 28 U.S.C. § 636 apply to objections to the entry of the guilty plea and the Report and Recommendation, not a post-plea breach of the agreement. The Government's Notice was filed within a reasonable time of the alleged breach.

To the extent that defendant objects to the Government's Notice of Withdrawal on the grounds of (1) waiver, (2) defendant's right of appeal or (3) prosecutorial misconduct, the Court finds defendant's arguments without merit. The Court finds no basis for striking or dismissing the Notice on these additional grounds, and thus will consider the merits of the Notice of Withdrawal.

The Government alleges that defendant breached his plea agreement by lying about the amount of proceeds he personally received from the fraudulent investment scheme. Whether there was a breach of the plea agreement is a question of fact. *United States v. Barrett,* 890 F.2d 855, 863 (6th Cir. 1989), *superseded on other grounds*, *United States v. Williams,* 940 F.2d 176, 181 n.3 (6th Cir. 1991). The government bears the burden of proving a defendant's breach by a preponderance of the evidence. *United States v. Lukse,* 286 F.3d 906, 909 (6th Cir. 2002).

The Government contends that defendant lied when he stated that he did not receive any money from codefendant Mickelson, when, in truth, defendant received $193,000. The Court has reviewed the testimony cited by the Government, and does not find that the Government has proved

---

[1]Although defendant cites 26 U.S.C. § 636, the Court presumes defendant is relying on 28 U.S.C. § 636.

this allegation by a preponderance of the evidence.  Defendant was equivocal in his recall of the proceeds received and, at several points in his testimony, stated that there may be some discrepancies in the ledger exhibits, that he "would believe" the amount set forth in the trial exhibit was correct and that this was to the "best of my recollection" (Tr. 415, 431-32).  When specifically questioned on cross-examination as to whether he received proceeds from codefendant Mickelson, defendant stated at different points, "I do not believe so," "I'm not sure," and that he was not sure one way or the other (*id.* 434).  On redirect examination, defendant admitted that if codefendant Mickelson had given him a substantial amount of money, he would have remembered that, but defendant ultimately stated that he did "not believe" that ever happened (*id.* 484).  Defendant's equivocal responses do not support a conclusion that he lied under oath, and thereby breached his plea agreement.  This is particularly so given the broad and complex nature of the fraudulent scheme, the passage of time, and the lack of other supporting evidence.

The Government acknowledges that if the Court finds no breach of the plea agreement, then the parties are bound by its terms, and the case proceeds to sentencing.  Having determined that the Government failed to prove a breach of the plea agreement, the Court will proceed with sentencing as scheduled.

An Order consistent with this Opinion will be entered.


DATED: January 22, 2010          /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge